BRINKLEY CHANCY, plaintiff in error, vs. WILLIAM F. CARRIGAN, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

1. It is not competent for the defendant in an execution, by affidavit of illegality, to set up that the debt on which the judgment is founded was illegal, or that the plaintiff was an illegal holder of it. All such questions are settled conclusively by the judgment.

2. On the trial of an issue formed on "illegality," to-wit: payment of an execution, if the plaintiff in execution be dead, the defendant is not a competent witness.

3. The granting or refusal of a continuance is in the discretion of the court, and will not be interfered with by this court, except when there is abuse of that discretion, and when a party seeks to continue the cause, during its progress, on the ground that since the commencement

Chancy *vs.* Carrigan.

of the trial, it has "occurred to him that he could prove a certain fact by A B, who lives in the county," it was no abuse of the discretion of the court to refuse to continue.

**Illegality. Continuance. Witness.** Before Judge KID-DOO. Early Superior Court. October Term, 1873.

Carrigan brought complaint against Chancy on a note dated January 20th, 1862, due one day after date, payable to J. M. & R. W. Wade, or bearer, for $189 72, with a credit thereon of $115 00, of date January 1st, 1863. At the October term, 1866, judgment was confessed by the defendant for $106 80, principal, with interest and costs of suit. On September 2d, 1873, the execution based on this judgment was levied upon lot of land two hundred and seventy-six, in the twenty-eighth district of Early county, as the property of the defendant. On the same day an affidavit of illegality was filed to the effect that said execution had been paid off. At the October term, 1873, the defendant moved to add another ground of illegality, setting up that J. M. & R. W. Wade were the rightful owners of said note, the title having never passed out of them, as the transfer to the plaintiff "was made for the purpose of encouraging the late rebellion between the states." In support of this motion was attached the affidavit of the defendant that the facts set forth in said additional ground had come to his knowledge since the original illegality was filed. The motion was overruled and defendant excepted.

The defendant proposed to prove by his own oath that he had paid the amount due on said execution to S. S. Stafford, the attorney for the plaintiff. The defendant was held by the court to be an incompetent witness, it being conceded that both Carrigan and Stafford were dead. To this ruling exception was taken.

The defendant moved for a continuance, because "since the commencement of this trial, it had occurred to him that he could prove by William Porter, residing in the county, that he paid S. S. Stafford, the plaintiff's attorney of record, the full amount of the execution."

Chancey *vs.* Carrigan.

The motion was overruled, and the defendant excepted.

The jury found for the plaintiff. A motion was made for a new trial upon each of the aforesaid grounds of exception. The motion was overruled and defendant excepted, and assigns error on said rulings.

Neither the bill of exceptions nor the record discloses who was the legal representative of Carrigan; the case therefore stands in his name.

I. A. Bush; J. C. Rutherford; E. C. Bower; G. B. Swann, for plaintiff in error.

R. H. Powell, by brief, for defendant.

McCay, Judge.

1. The amendment to the affidavit takes a ground which goes behind the judgment. This is directly in the teeth of the section of the Code providing for illegalities: Section 3671. The judgment is conclusive that the ground taken is untrue, as the defendant in *fi. fa.* has had his day in court. Nor are we prepared to say it would have been good as a plea to the original suit. The man who let the plaintiff have the note for an illegal consideration does not complain, and if he is satisfied, it is no business of the maker of the note to complain.

2. The issue on trial was the payment or non-payment of the execution to the plaintiff in execution or his agent. The plaintiff and the agent are both dead. This is within the very words of the exception to the evidence act.

3. It was in the discretion of the court to refuse the continuance, and the showing was very defective. It did not state that it first occurred to the party during the trial. The statement made is perfectly consistent with the idea that he had known it before, and that he had failed to subpœna the witness from neglect. We do not know what the truth of the matter was, nor did the court below. Such statements must be construed most strongly against the party making them.

If he had forgotten the fact, and he had just then remembered it, he could easily have said so.

Judgment affirmed.